**KANSAS CITY TITLE & TRUST CO. v. CROOKS, Internal Revenue Collector.**

District Court, W. D. Missouri, W. D. July 25, 1929.

No. 6919.

Massey Holmes, of Kansas City, Mo., and Frank S. Bright and L. C. Connally, both of Washington, D. C., for plaintiff.

Roscoe C. Patterson, of Kansas City, Mo., for defendant.

REEVES, District Judge. By this proceeding plaintiff seeks a refund of taxes paid by it on its income for the years 1921, 1922, and 1923.

It claims that it was entitled to certain deductions because of the depreciation and obsolescence of its capital assets during said periods. The plaintiff is in the abstract and title business, and in the year 1915 acquired several independent competitive plants engaged in the same business.

It is asserted by the plaintiff that the use of four of said plants has been abandoned, and that the property thereof has become and is becoming useless to the plaintiff. The chief contention of the government is that said plants were purchased with the object of securing a monopoly on the abstract and title business in Kansas City, Jackson county, Mo., and that therefore the plaintiff would not be entitled to claim such deductions.

The evidence showed conclusively that the plants in question were not kept up to date, and that the plaintiff had ceased to refer to the records of such plants for data in making up its abstracts and guaranteeing titles. It was in evidence that new and modern methods had tended to supplant the records of said plants. Moreover, the material and supplies which were delivered with the abstract books and other records, and were incident to said records, have been exhausted.

The court would not be justified in finding that the acquisition of said abstract plants was designed to give the plaintiff a practical monopoly on the business. Many reasons could be assigned for such a course at the time said plants were acquired.

However, assuming that such was the purpose, this would not answer the contention now made that said plants are becoming obsolete and such obsolescence and depreciation entitle plaintiff to deduct from its income for the years in question.

The plaintiff has asked for a finding of facts and conclusions of law. From an examination of such request, it appears that plaintiff is entitled to its request in full. Accordingly, the same is given and filed herewith.

The defendant has made a similar request. Such requests up to and including request No. 12 will be given. Others will be refused, including the requested declarations of law. Proper exceptions will be allowed defendant.